UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
CAMESHA BARTON,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, AND
POLICE OFFICER CRAIG SMITH (TAX 946617),

                        Defendants.

--------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff, CAMESHA BARTON, by and through her attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for her Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in

that this is the District in which the claim arose.

**JURY DEMAND**

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

Civ. P. 38(b).

**PARTIES**

6.    Plaintiff, CAMESHA BARTON, is, and has been, at all relevant times, a resident of the City

and State of New York, Kings County.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized

and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a

duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, THE CITY OF NEW YORK.

9.    At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER

CRAIG SMITH (TAX 946617), was a duly sworn member of said department and was

acting under the supervision of said department according to his official duties.  At all

relevant times hereinafter mentioned, Defendant Smith was a member of the 75th Precinct.

Upon information and belief, Defendant Smith is currently assigned to Patrol Borough

Brooklyn North.

2

10.     At all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On August 18 2014, at approximately 1:15 p.m., plaintiff CAMESHA BARTON was lawfully present inside of 571 Van Siclen Avenue, County of Kings, City and State of New York, which was the apartment of a friend.

14.     At this time, Defendant Smith entered the apartment 571 Van Siclen Avenue, without any warrant or legal authority, and placed Plaintiff under arrest with no explanation.

15.     Plaintiff, Camesha Barton, was not engaged in any unlawful or suspicious activity, and there was no reasonable basis or justification for Defendant Smith to arrest her.

16.     Defendant Smith did not provide Ms. Barton with any explanation for her arrest, despite Barton's repeated requests for an explanation about why she was being arrested.

17.     A mere moments prior to Ms. Barton's arrest, Defendant Smith and other members of the NYPD assisted Ms. Barton's teenage son in removing her air conditioner and pet cat from her former apartment at 574 Van Siclen Avenue.

18.     Barton's landlord was present at the time and had asked Ms. Barton to remove her belongings from the apartment, though Barton had not been formally removed from the

3

apartment by marshals.

19.     Defendant Smith and other members of the NYPD finished removing Ms. Barton's air

conditioner and cat from 574 Van Siclen and Ms. Barton went to the friend's apartment

across the street.

20.     A few minutes later, Defendant Craig entered Barton's friend's apartment and arrested

Barton.

21.     Barton was charged with kicking in the door to apartment at 574 Van Siclen Avenue, such

that, allegedly, the hinges and door knob came off the door.

22.     At the time of this incident, Plaintiff Camesha Barton was five-foot four-inches tall and

weighed 108 pounds.

23.     Moreover, at the time it was alleged that Ms. Barton kicked the hinges off of the door to the

apartment, Defendant Smith was present.

24.     The allegations against Barton were false and Defendant Smith knew or should have known

that they were false.

25.     Plaintiff was not engaged in any suspicious or illegal activity.

26.     There was no reasonable basis for the Defendant to approach and search Plaintiff.

27.     Plaintiff was not engaged in any suspicious, illegal, violent, or threatening behavior.

28.     Despite the absence of any wrongdoing on the part of the Plaintiff, Defendant Smith placed

the Plaintiff in handcuffs and formally arrested her.

29.     At no time on August 18, 2014 did Plaintiff commit any crime or violation of law.

30.     At no time on August 18, 2014 did Defendant Smith possess probable cause to arrest

Plaintiff or to order Plaintiff's arrest.

31.     At no time on August 18, 2014 did Defendant Smith possess information that would lead a

4

reasonable officer to believe probable cause existed to arrest Plaintiff.

32.    Nevertheless, Defendant Smith thereafter transported Plaintiff to the stationhouse of a local area precinct.

33.    Plaintiff was held for several hours at the stationhouse before she was transported to Kings County Central Booking where she was held for several hours pursuant to false allegations which Defendant Smith knew were false.

34.    Plaintiff was eventually arraigned on a criminal complaint containing false allegations which Defendant Smith knew were false.

35.    Plaintiff was released from custody at her arraignment and was forced to return to court for several months before the charges against her were dismissed on May 7, 2015 on a motion of the Kings County District Attorney.

36.    Defendant Smith provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

37.    Pursuant to Defendant Smith's false allegations, Plaintiff was charged with one count of criminal mischief in the fourth degree.

38.    As a result of the foregoing, Plaintiff Camesha Barton sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

39.    All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

40.    All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C.

Section 1983.

41. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST
## UNDER 42 U.S.C. § 1983

44. Plaintiff CAMESHA BARTON repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted, she was put in fear for her safety and freedom, and she was falsely arrested without probable cause.

**SECOND CLAIM FOR RELIEF FOR**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

47.    Plaintiff CAMESHA BARTON repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48.    Defendant Smith forwarded knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

49.    As a result, Plaintiff suffered deprivation of her liberty, as he was required to make numerous court appearances to contest the false accusations against her.

50.    As a result of the foregoing, Plaintiff's liberty was restricted, she was put in fear for her safety, and she was detained and falsely arrested, and maliciously prosecuted without probable cause.

**THIRD CLAIM FOR RELIEF**
**FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

51.    Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52.    Defendants arrested, searched, and incarcerated plaintiff CAMESHA BARTON, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate her constitutional rights.

53.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

54.    The acts complained of were carried out by the aforementioned individual Defendants in

their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

55.   Those customs, policies, patterns, and practices include, but are not limited to:

     i.   requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

     ii.   requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

     iii.   failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

     iv.   failing to properly train police officers in the requirements of the United States Constitution.

56.   The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

     i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

     ii.   arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

     iii.   falsifying evidence and testimony to support those arrests;

     iv.   falsifying evidence and testimony to cover up police misconduct.

57.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, CAMESHA BARTON.

58.   The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause

8

of the constitutional violations suffered by Plaintiff as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

62.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

63.     All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       July 21, 2017

                                        Respectfully submitted,

                                        **LAW OFFICES OF MICHAEL S.**
                                        **LAMONSOFF, PLLC**
                                        *Counsel for the Plaintiff*

                                                /s/
                        By:     JESSICA MASSIMI (JM-2920)
                                32 Old Slip, 8th Floor
                                New York, New York 10005
                                (212) 962-1020

10